# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| EMILIANO MAGALLANEZ | § | |
| | § | |
| v. | § | A-09-CA-600 JRN |
| | § | (A-03CR-066 JRN) |
| CLAUDE MAYE, Warden, FCI Bastrop | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE JAMES R. NOWLIN
     UNITED STATES SENIOR JUDGE

Before the Court is Emiliano Magallanez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1); the Government's Response to Petitioner's Application for Habeas Corpus Relief Filed Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 11); Petitioner's Notice of Change of Address (Clerk's Doc. No. 12),[1] and Petitioner's Response to the Government's Response (Clerk's Doc. No. 13). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

On May 27, 2003, Movant Emiliano Magallanez ("Magallanez") entered a plea of guilty to a superseding indictment charging him with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. On October 8, 2003, the Honorable James Nowlin

---

[1]Petitioner has been transferred to a facility in Three Rivers, Texas. However, because the petition is being construed as a § 2255 motion, and because the Honorable Judge Nowlin sentenced petitioner, this transfer does not affect the court's jurisdiction. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2255 motion must be filed in the sentencing court.").

sentenced Magallanez to a 121-month term of imprisonment, followed by a three-year term of supervised release, and ordered that Magallanez pay a $100 mandatory assessment fee. A direct appeal was not pursed in this case.

On March 2, 2008, based upon Congress's amendment to the Federal Sentencing Guidelines that lowered the guideline range for certain categories of offenses involving crack cocaine, Magallanez filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine pursuant to 18 U.S.C. § 3582(c). On March 27, 2008, the court denied his motion for a reduced sentence under 18 U.S.C. § 3582(c). On April 10, 2008, Magallanez filed a notice of appeal. Final disposition of the appeal remains pending before the Fifth Circuit Court of Appeals.

## II. ANALYSIS

In the instant § 2241 petition, Magallanez claims that (1) the superseding indictment was defective, (2) he was not aware or informed of the true nature of the charges the government intended to use during sentencing, (3) this Court committed clear and plain error which substantially affected his rights to due process and prejudiced the outcome of the proceedings, and (4) his attorney failed to protect him and make him aware of all of his rights during the course of the proceedings. The Court finds that Petitioner's claims are outside the proper scope of 28 U.S.C. § 2241, and should instead be construed as a motion filed pursuant to 28 U.S.C. § 2255. The motion, however, is time-barred, and does not fit within the savings clause of 28 U.S.C. § 2255.

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination

2

of its duration, and must be filed in the same district where the prisoner is incarcerated. *Id.* In contrast, a § 2255 motion is the proper means of attacking errors that occurred "at or prior to sentencing." *Id.* A § 2255 motion must be filed in the court that sentenced the defendant. *Id.* The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. In the instant case, Petitioner has only alleged errors that occurred during or before his sentencing. Accordingly, Petitioner's claims are outside the proper scope of a § 2241 motion and should be construed as a § 2255 motion.

Construing the petition as a § 2255 motion, the Government argues that the motion is time-barred under the Anti-terrorism and Effective Death Penalty Act ("AEDPA") of 1996 because Movant failed to file his § 2255 motion within the one-year period of limitations. Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court. Section 2255, amended by § 105(2) of the AEDPA, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Petitioner has not alleged or produced any evidence or argument that the Government has impeded him from filing a § 2255 Motion prior to the end of the limitations period. Nor has the Petitioner alleged that his claims concern a constitutional right recently recognized by the Supreme Court (or any other court) that would have a retroactive effect on his claims. Therefore, Petitioner's ability to file a § 2255 motion is governed by subsection (1) of the one year limitation period and the period begins running on the date on which his judgment of conviction became final. Section 2255(1) does not define when a judgment of conviction becomes "final" for purposes of the limitation period; however, the Fifth Circuit has held that a defendant's conviction becomes final when the appeal becomes final or the time for seeking further direct review expires. *United States v. Thomas*, 203 F.3d 350, 353-356 (5th Cir. 2000). Magallanez did not file a direct appeal. Consequently, his conviction and sentence became final for purposes of the one-year limitation period on October 23, 2003 – 10 days after the district court executed the judgment in his case. Thus, Magallanez had until October 23, 2004 in which to file his § 2255 motion. The petition was not placed in the prison mail system until July 9, 2009 – almost five years beyond the one-year limitation period. Consequently, his § 2255 motion is time-barred by the AEDPA.

Petitioner has also failed to demonstrate that his case falls within the so-called "savings clause" provision in 28 U.S.C. § 2255. This provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

> sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001).

In *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001), the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause. First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id*. at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.* The first prong "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" *Jeffers*, 253 F.3d at 830 (quoting *Reyes-Requena*, 243 F.3d at 903-04). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense)). The Fifth Circuit has found that the failure to timely file a motion under § 2255 does not make that remedy ineffective or inadequate within the meaning of the savings clause provision. *Pack*, 218 F.3d at 452.

5

Though it is difficult to decipher the argument, it appears that in his "Response" to the Government's Response, Petitioner argues that because the District Judge calculated his sentence by using powder cocaine quantities, as opposed to crack cocaine amounts, he was essentially convicted of an offense (conspiracy to possess with intent to distribute *powder* cocaine) he did not commit. This, however, is not the case. Petitioner was found guilty of the offense to which he pled guilty – conspiring to possess with the intent to distribute crack cocaine. His complaint is that the District Judge should have calculated his guideline sentence differently, or should have reduced it after the crack guidelines were amended. This is a far cry from claiming to have been convicted of conduct that has since been determined not to be criminal. Moreover, Petitioner currently has a pending appeal of the District Judge's order denying his request for a reduced sentence under the revised crack guidelines, so if there is any issue presented by the manner in which that motion was decided, he has a more than adequate forum in which that issue may be resolved. Because Petitioner cannot show that based on a retroactively applicable Supreme Court decision he is actually innocent, he has failed to demonstrate that his claims fall within the savings clause of § 2255.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court construe the petition as a Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255, and that it be **DISMISSED** as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings,

effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the undrsigned **RECOMMENDS** that a certificate of appealability not be issued.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of December, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE